UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

JAMES M. BOHANAN, II                                                                PLAINTIFF

V.                                    No. 1:19-CV-87-BSM-JTR

DENESCHIA "SISSY" WILSON, Jail
Administrator, Independence County Jail;
SKYLA DURHAM, Secretary, Independence
County Jail; and RACHEL PALMIERI,
Sergeant, Independence County Jail                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff James M. Bohanan, II ("Bohanan"), a former prisoner in the Arkansas Division of Correction ("ADC"), filed this § 1983 action alleging his constitutional rights were violated by Defendants Deneschia "Sissy" Wilson

("Wilson"), Skyla Durham ("Durham"), and Rachel Palmieri ("Palmieri") while he was an Act 309 trustee at the Independence County Jail ("ICJ").[1] Unlike Wilson and Durham, Palmieri has not been served. *See Doc. 24*.

Defendants Wilson and Durham have file a Motion for Summary Judgment and Brief in Support arguing that Bohanan's claims should be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Docs. 26, 27*. Bohanan has filed a Response (*Docs. 30, 31*) and Defendants filed a Reply (*Doc. 32*).

For the reasons explained below, the Court recommends granting Defendants Wilson and Durham's Motion for Summary Judgment based on Bohanan's failure to exhaust administrative remedies.[2]

This Recommendation also addresses Bohanan's claim against Palmieri, and concludes that it should be dismissed, without prejudice, for lack of service on Palmieri.

---

[1] "Act 309" is a program that allows ADC inmates who meet certain criteria to be housed in local detention facilities and work under the supervision of local law enforcement officials. *Brown v. Moore*, 93 F. Supp. 3d 1032, 1037 n.4 (W.D. Ark. 2015); see Ark. Code Ann. § 12-30-407 (Westlaw 2017).

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249–50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

## II. Discussion

### A. The PLRA's Mandatory Exhaustion Requirements

Under the PLRA, prisoners are required to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a).³ The exhaustion requirement is mandatory; and this Court must dismiss any claim that a prisoner did not fully and properly exhaust. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Jones v. Bock,* 549 U.S. 199, 218 (2007).

Because Bohanon was incarcerated when he filed this § 1983 action, and the relevant events took place at ICJ, he was required to exhaust all available ICJ administrative remedies prior to filing his Complaint. *Norton v. The City Of Marietta, OK*, 432 F.3d 1145, 1150 (10th Cir. 2005) ("[I]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies."); *Jones*, 549 U.S. at 218. ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")

The ICJ provides the following administrative process for inmates to exhaust grievances: (1) if an inmate cannot resolve a problem informally, he "may request an Inmate Grievance Form, from any staff member"; (2) the inmate returns the completed form to a jail officer, who forwards the complaint to the supervisor on

---

³ "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3

duty; (3) the Jail Administrator, or designee, investigates all matters, provides a written response to the inmate within five business days, and maintains a separate file with a copy of the grievance; (4) if the inmate is not satisfied with the response, he may appeal to the Sheriff or Chief Deputy within 24 hours. ICJ Policy # 5.10, Inmate Grievance System.[4]

### B.     Bohanan's Claims Against Wilson and Durham

Bohanan's verified Complaint contains the following allegations relevant to the issue of exhaustion: (1) on April 15 and 22, 2019, Durham read Bohanan's legal documents prior to notarizing them; (2) Durham was responsible for processing ICJ mail, and, between April 15 and 22, some of his legal mail was either lost, destroyed, or "returned to sender"; (3) on April 22, Bohanan complained to Wilson about the notary and mail issues; (4) in retaliation for complaining, Bohanan was placed in isolation on April 24 and transferred back to the ADC on April 26; (5) while in isolation, Bohanan repeatedly requested his "legal work," but those requests were denied; and (6) Bohanan believes the grievance procedure was not made available to him at ICJ.[5] *Docs. 2, 5, 16.*

---

[4]Defendants submitted, with their summary judgment papers, a copy of ICJ Policy # 5.10, which became effective in April 2015. *Doc. 26-1 at 5–9.*
[5]Bohanan provides no facts to support and explain his conclusory allegations that the ICJ grievance procedure was unavailable to him.

In their Motion for Summary Judgment, Wilson and Durham contend that Bohanan's claims should be dismissed because he failed to exhaust the administrative remedies available to him at ICJ. In support of their Motion, they attached the affidavit of Defendant Wilson, which states that: (1) Bohanan was aware of, and received a copy of, the ICJ grievance policy; and (2) "[she] reviewed Mr. Bohanan's grievances and [did] not [find] any grievances of the matters contained in this lawsuit." *Doc. 26-1 at 3*.

In his Response, Bohanan agrees that: (1) he was provided a copy of the ICJ grievance policy; (2) he understood the policy; and (3) he did not file a grievance at ICJ raising any complaints relevant to the claims he is asserting in this action. *Doc. 30 at 1–2*. Instead, Bohanan reiterates that "[he] was never afforded the opportunity to file a grievance at the ICJ." *Id. at 2*. In support of his argument, Bohanan points to the following paragraphs in his Complaint:

> 24. On April 24, 2019…Plaintiff was strip searched and placed in isolation. Requests for legal work, medication and a shower were denied.
>
> 25. On April 25, 2019, repeated requests for my legal work, medication and a shower were denied.
>
> 34. The grievance procedure at the Independence County Jail was not made available to the Plaintiff.

*Doc. 30 at 2*; *Doc. 2 at 5, 7*. Although *not* stated or explained in his Complaint, Bohanan now alleges that his "legal work," which he requested but did not receive, "contained [ICJ] grievance forms." *Doc. 30 at 2*.

Under the PLRA, prisoners are only required to exhaust *available* administrative remedies. 42 U.S.C. § 1997e(a). Because Defendants have come forward with undisputed evidence that Bohanan failed to exhaust his administrative remedies, he must come forward with evidence sufficient to create a genuine issue of material fact as to whether ICJ's grievance procedure was available to him. *See Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (upholding dismissal on summary judgment because prisoners failed to present evidence that their administrative remedies were thwarted).

Administrative remedies are unavailable when prison officials fail to respond to requests for grievance forms. *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002) (citing *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001)). However, Bohanan does *not* allege that ICJ officials failed to respond to his request *for grievance forms*; and he presents no evidence to that effect. Instead, he argues that ICJ officials failed to respond to his request for *his legal work*, which he contends contained ICJ grievance forms. Although it is a small distinction, it is an important one.

The ICJ grievance policy, which Bohanan concedes he understood, makes it clear that to initiate the grievance procedure a prisoner should "request an Inmate Grievance Form, from any staff member." *Doc. 26-1 at 7.* Bohanan does not allege he ever requested a grievance form to grieve the claims he is asserting in this action, much less that such a request was denied. Instead, he states only that, after complaining that Durham read his legal documents and lost his legal mail, he requested his "legal work." He fails to explain how the unnamed jailer, who denied the request, could possibly intuit that Bohanan needed his "legal work" because those papers contained a ICJ grievance, which was his *unstated reason* for making the request.

Bohanan may *subjectively believe* that the jailer's refusal to provide him with his "legal work" was tantamount to denying him a grievance form, but it falls far short of the objective evidence necessary to create a genuine issue of material fact concerning whether the ICJ's grievance process was made available to him. *See Lyon*, 305 F.3d at 809 (A court cannot "consider an inmate's merely subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'"); *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016).

Accordingly, because Bohanan failed to exhaust the administrative remedies available at ICJ, his claims against Wilson and Durham should be dismissed, without prejudice.

7

### C. Bohanan's Claims Against Palmieri

In their Answer, Defendants Wilson and Durham assert that no employee named "Rachel Palmieri" has ever worked at ICJ. *Doc. 18 at 2*. On July 24, 2020, the Court entered an Order giving Bohanan thirty days to provide additional identifying information on Palmieri so she could be served. *Doc. 19*. The Order further explained that: (1) Bohanan could use the discovery process to try to determine Palmieri's address; and (2) if he "d[id] not timely and properly provide the Court with sufficient information to identify and serve Palmieri (or a different individual), his claims against Palmieri w[ould] be dismissed, without prejudice." *Id.* (citing Fed. R. Civ. P. 4(m)).

Bohanan did not file a Motion for Service or otherwise identify Palmieri, and the time to do so has long expired. Accordingly, his claims against Palmieri should be dismissed, without prejudice, due to lack of service. *See* Fed. R. Civ. P. 4(m); *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004) (affirming dismissal of unserved defendants in civil rights action where District Court gave plaintiff extension to complete service and warned him that his failure to do so would result in dismissal).

### III. Conclusion

Bohanan has presented no *objective evidence* suggesting that ICJ's grievance process was unavailable to him. His subjective belief that the grievance process was not available, because his requests for his "legal work" were refused, is not a

sufficient ground for excusing his failure to exhaust his administrative remedies before initiating this action.

Additionally, despite being advised by the Court of his obligation to obtain Palmieri's address so she could be properly served, he failed to do so. *Doc. 19*.

Thus, Bohanan's claims against Wilson, Durham, and Palmieri should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants Deneschia Wilson and Skyla Durham's Motion for Summary Judgment (*Doc. 26*) be GRANTED. Bohanan's claims against Wilson and Durham be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

2. Bohanan's claims against Defendant Rachel Palmieri be DISMISSED, without prejudice, for lack of service.

3. Defendants' Motion for Summary on the merits (*Doc. 39*) be DENIED, as moot.

DATED this 2nd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE